No. 13468

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

_____

MICHAEL MYSKEWITZ,

          Plaintiff-Respondent,

   vs.

CLAYTON BERG,

          Defendant-Appellant.

_____

Appeal from:  District Court of the First Judicial District,
            Honorable Truman G. Bradford, Judge presiding.

Counsel of Record:

    For Appellant:

        Smith & Harper, Helena, Montana
        Charles A. Smith argued.

    For Respondent:
        Smith, Emmons, Baillie & Walsh
        James R. Walsh argued

_____

Submitted:  June 6, 1977

Decided: JUN 22 1977

Filed: JUN 22 1977

_Thomas J. Kearney_____
                    Clerk

Honorable Leonard H. Langen, District Judge, sitting in place of Mr. Chief Justice Paul G. Hatfield, delivered the Opinion of the Court.

This is an appeal from an order of the district court, first judicial district, Lewis and Clark County, denying defendant's motion to vacate the district court order changing the venue of this action back to Cascade County entered on May 20, 1976. The action seeks recovery of money allegedly due under an oral contract.

On September 30, 1975, plaintiff's complaint was filed in the district court, eighth judicial district, Cascade County, and after motion made by defendant the district court moved the place of trial to Lewis and Clark County.

After the file arrived in the office of the clerk of court, Lewis and Clark County, plaintiff moved the court to return the case to Cascade County and by order made and entered April 12, 1976, the motion was granted. The order stated:

"The Motion of the plaintiff for Change of Venue having been submitted together with supporting Brief and no opposing Brief or Memorandum having been filed by defendant, and the same being deemed an admission by defendant that plaintiff's Motion is meritorious, and it appearing in any event to the Court that the Motion of plaintiff for Change of Venue should be allowed for the reason that the original Change of Venue to Lewis and Clark County was improvidently granted.

"NOW, THEREFORE, IT IS ORDERED AND THIS DOES ORDER that plaintiff's Motion for Change of Venue from the above entitled Court to the District Court of the Eighth Judicial District in and for the County of Cascade be and the same is hereby granted."

Two days after the April 12 order, defendant filed his motion to vacate the April 12 order. The motion was set for hearing for April 27, 1976, but at the request of the movant the April 27, 1976, hearing date was vacated without date.

Finally on May 21, 1976, the Lewis and Clark Court filed its order stating that the motion of defendant to vacate the order changing venue is denied and on May 25, 1976, the file

- 2 -

was returned to the clerk of court, eighth judicial district, Cascade County.

Thereafter and on June 16, 1976, a Cascade County district judge was disqualified and another judge assumed jurisdiction. On June 21, 1976, plaintiff filed and served his notice of readiness for trial.

Three days later, on June 24, 1976, defendant filed his notice of appeal which states:

"Notice is hereby given that CLAYTON BERG, Defendant above-named, hereby appeals to the Supreme Court of the State of Montana from the order of the District Court of the First Judicial District in and for the County of Lewis and Clark denying Defendant's Motion to vacate the District Court order changing venue of this action back to Cascade County entered herein on the 20th day of May, 1976."

We find that defendant's appeal should be dismissed for the reason that the order to vacate is not an appealable order and, if it were to be treated as an appeal from the order dated April 12, changing the place of trial to Cascade County, the appeal should be dismissed for the reason that it was not timely made.

Rule 5, M.R.App.Civ.P., provides:

"The time within which an appeal from a judgment or an order must be taken shall be 30 days from the entry thereof, except that in cases where service of notice of entry of judgment is required by Rule 77(d) of the Montana Rules of Civil Procedure the time shall be 30 days from the service of notice of entry of judgment * * *."

Rule 77(d), M.R.Civ.P. requires that upon entry of an order the Clerk shall serve a notice of the entry by mail upon each party who is not in default and shall make a note in the docket of the mailing.

We could find no entry that the April 12 order for change of venue was served pursuant to Rule 77(d). However the file does show that defendant filed his motion to vacate the April 12

- 3 -

order on April 14, 1976. Therefore we hold that in order for defendant to have made a timely appeal, his notice of appeal should have been filed on or before May 14, 1976.

Rule 5, M.R.App.Civ.P., also provides for certain instances where the running of the time for filing a notice of appeal is suspended. However we are unable to find that defendant's situation comes within any of these exceptions.

Rule 5 also permits the district court to extend the time for filing of notice of appeal upon a showing of excusable neglect. However, by the time defendant got around to filing his notice of appeal in this case, the time for this relief had expired.

Rule 1, M.R.App.Civ.P., specifies from what judgment or order an appeal may be taken. The rule specifically allows an appeal from an order changing or refusing to change the place of trial when the county designated in the complaint is not the proper county, but we find nothing in Rule 1 which permits an appeal from an order denying a motion to vacate an order changing venue.

Defendant raised other issues in his brief and during his oral argument. Since the appeal is being dismissed for the reasons stated, these issues are not being discussed.

Judgment affirmed.

_____
Hon. Leonard H. Langen, district judge,
sitting in place of Mr. Chief Justice
Paul G. Hatfield.

We concur:

_____

_____

_____

_____
Justices